IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GEORGE PROBY, JR.                                                                              PLAINTIFF
ADC #104739

V.                                       NO. 5:05CV00126 JWC

WARDEN HARRIS, et al                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On July 7, 2005, Defendants Harris, Moncrief, and Walker filed a motion to dismiss and brief in support (docket entries #4, #5) seeking to dismiss Plaintiff's 42 U.S.C. § 1983 complaint in its entirety. On July 18, 2005, Defendant Bradberry filed an identical motion to dismiss and brief in support (docket entries #11, #12). Plaintiff has filed two responses in opposition (docket entries #8, #17). For the reasons set forth below, Defendants' motions are summarily denied.

Defendants' counsel reads Plaintiff's complaint as asserting a claim based on a disciplinary conviction he received on August 24, 2004. Based on that reading, counsel advances the following arguments as mandating dismissal: 1) Plaintiff's challenge to the validity of his disciplinary proceeding is prohibited pursuant to Sheldon v. Hundley,[1] Heck v. Humphry,[2] and Preiser v. Rodriguez[3] as a challenge to the fact or duration of his confinement; 2) the requirements of due process were satisfied since there was "some evidence" to support the disciplinary charge at issue; 3) Plaintiff's claims against Defendants Harris and Moncrief are barred by the doctrine of respondeat superior; 4) Plaintiff's punishment did not represent an atypical or significant deprivation that implicated

---

[1] 83 F.3d 231 (8th Cir. 1996).

[2] 512 U.S. 477 (1994).

[3] 411 U.S. 475 (1973).

a liberty interest and, as such, he has failed to allege a constitutional violation; 5) Plaintiff has failed to allege a physical injury; and 6) Plaintiff's claim is barred by the doctrine of sovereign immunity.

Contrary to Defendants' interpretation of the allegations, Plaintiff does not attack the major disciplinary he received or the punishment imposed. Rather, Plaintiff contends that after serving the punishment levied by the disciplinary committee (thirty days punitive isolation and class reduction), the classification committee (Defendants) <u>retaliated</u> against him by imposing an additional and separate punishment in the form of denying him a class promotion for one full year for which he claims he was immediately eligible under Arkansas Department of Correction ("ADC") policies and Board of Corrections guidelines.[4] Plaintiff claims Defendants retaliated against him for filing a separate § 1983 lawsuit against Defendant Moncrief for excessive force. Specifically, Plaintiff contends he was eligible for a class promotion status to Level III on November 23, 2004, which would have entitled him to receive good time credits and, in turn, to appear before the parole board in March 2005. He further claims that Defendants repeatedly denied him sixty-day administrative segregation reviews.

One need only carefully read the allegations of the complaint to understand that Plaintiff has alleged a retaliation claim in violation of his First Amendment rights, the denial of due process in connection with the additional punishment imposed, and punishment that amounts to, in Plaintiff's words, "double jeopardy." First, this is not a habeas action, nor is this an action that concerns the validity of a disciplinary received. Second, Plaintiff advances no claim against Defendants Harris and Moncrief on respondeat superior

---

[4] According to Plaintiff, he was not found guilty of violating any ADC policy that would have required him to serve a year with no class promotions.

grounds.  Third, Plaintiff is not required to allege a physical injury in connection with a First Amendment or due process claim.[5]  Last, because Plaintiff has clearly and unambiguously sued Defendants in both an official and individual capacity, addressing the doctrine of sovereign immunity in a dispositive motion is largely an exercise in futility.

The arguments which Defendants raise for dismissal are based on counsel's erroneous reading of the complaint and are inapposite to the actual claims for relief. Therefore, the motions are denied.

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1.   Defendants' motions to dismiss (docket entries #4, #11) are DENIED WITHOUT PREJUDICE.

If counsel, after thoroughly reviewing the relevant pleadings of record (docket entries #2, #8, #17), finds a basis warranting the filing of a future dispositive motion, the Court will entertain same.  Counsel is advised, however, to eliminate sovereign immunity/Eleventh Amendment analysis from future dispositive motion submissions to this Court, unless Plaintiff has sued only in an official capacity.

IT IS SO ORDERED this 24th day of March, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Of the circuit courts of appeal that have addressed the issue, all have held that 42 U.S.C. § 1997e(e) does not restrict a prisoner-plaintiff from filing a First or Fourteenth Amendment claim (where physical harm is rarely, if ever, a byproduct of the alleged violation), it simply bars that plaintiff from recovering compensatory damages for mental or emotional injuries sustained as a result of a First or Fourteenth Amendment violation.  Moreover, the circuits are in agreement that it does not appear to bar a prisoner-plaintiff's claim for nominal damages or injunctive or declaratory relief as a result of a First or Fourteenth Amendment violation.  Whether punitive damages are barred, however, remains unsettled.  Finally, § 1997e(e) is entitled "Limitation on recovery."  The statute simply restricts the availability of remedies available, regardless of the rights asserted, if the only injuries alleged are mental or emotional.