IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GEORGE PROBY, JR.                                                                                          PLAINTIFF

V.                                           NO. 5:05cv00126 JWC

GRANT HARRIS, et al                                                                                   DEFENDANTS

MEMORANDUM OPINION AND ORDER

On August 18, 2006, Defendants filed a motion for summary judgment and brief in support (docket entries #44, #45) seeking to dismiss Plaintiff's 42 U.S.C. § 1983 complaint on the grounds that he has failed to establish a valid constitutional claim of retaliation. Alternatively, Defendants seek dismissal on sovereign and qualified immunity grounds. Defendants also filed a statement of indisputable material facts in support of their motion (docket entry #46) pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas. By order entered August 21, 2006 (docket entry #47), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion for summary judgment, which he did on September 6, 2006 (docket entries #49, #50).

**I. Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the

nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993). A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).

## II. Background

Plaintiff has alleged a retaliation claim in violation of his First Amendment rights, the denial of due process in connection with the additional punishment imposed, and punishment that amounts to, in Plaintiff's words, "double jeopardy." This action arises out of a major disciplinary Plaintiff received on August 18, 2004, for assaulting another inmate with a screwdriver. He contends that after serving the punishment levied by the Disciplinary Committee (thirty days punitive isolation and class reduction to Class IV), the Classification Committee (Defendants) then retaliated against him by imposing an additional and separate punishment in the form of denying him a class promotion for one full year for which he claims he was immediately eligible under Arkansas Department of

Correction ("ADC") policies and Board of Corrections guidelines.[1]  Plaintiff claims Defendants retaliated against him for filing a separate § 1983 lawsuit against Defendant Moncrief for excessive force.  Specifically, Plaintiff contends he was eligible for a class promotion status to Level III on November 23, 2004, which would have entitled him to receive good time credits and, in turn, to appear before the parole board in March 2005.  He further claims that Defendants repeatedly denied him sixty-day administrative segregation reviews.

### III.  Analysis

Defendants contend that ADC policy provides that an inmate convicted of a felonious assault (i.e., one involving the use of a deadly weapon or that results in serious bodily injury) is not eligible for good time class promotion for one year from the date of the assault; therefore, the outcome of which Plaintiff complains was dictated by ADC policy rather than any personal animus of the Defendants (docket entry #44).[2]  According to Defendants' statement of facts, and the evidence attached to it (see docket entry #46), on August 18, 2004, Plaintiff was involved in what they describe as a "violent fight" with another inmate.  According to witnesses, Plaintiff was the initial aggressor of the fight.  Plaintiff stabbed inmate Lewis Preston in the eye with a cross-tipped screwdriver.  Inmate Preston's injuries required his transfer to UAMS Medical Center for additional treatment and ultimately resulted in the loss of his eye.  Plaintiff received a major disciplinary and was found guilty of the charges.  Inmate Preston subsequently filed a lawsuit concerning these

---

[1] According to Plaintiff, he was not found guilty of violating any ADC policy that would have required him to serve a year with no class promotions.

[2] In fact, the ADC policy in question is discretionary, not mandatory.

specific allegations against Plaintiff in the U.S. District Court on January 4, 2005 (<u>Preston v. Norris</u>, 5:05CV00003), but moved to voluntarily dismiss the case without prejudice on February 1, 2005.

According to Defendants, Plaintiff admitted in his deposition that when a fight results in the victim-inmate going to the hospital for injuries, ADC practice is to punish the aggressor with "a year Class IV, no good time, nothing, in the hole." (<u>see</u> docket entry #46, Exhibit "E" pg. 11). Plaintiff also admitted that if he was found guilty of a felony assault, "a 17-1 free will charge," that he would get a year at Class IV (<u>Id</u>. Exhibit "E" pg. 12). Plaintiff was found guilty of 17-1, "Any act OR acts defined as felonies OR misdemeanor by the State of Arkansas" on August 24, 2004[3] (<u>Id</u>. Exhibit "E" pg. 21 & Exhibit "A"). To be eligible for reclassification and/or to appear before the Classification Committee, an inmate must have a clean institutional record for a minimum of sixty-days from the date of his last major disciplinary action (if punitive time is given, as it was in Plaintiff's case, then the sixty-days begins to run upon release from punitive). On November 23, 2004, the Classification Committee reviewed Plaintiff's administrative segregation status. When the Committee reviews an inmate's administrative segregation status, it considers the inmate's "hard file," including his disciplinary and assault history, and any major disciplinaries and disciplinary hearing actions. The Committee does not re-investigate the findings of fact recorded in a major disciplinary or disciplinary hearing action, nor does it re-investigate the merits of charges against an inmate. The five-member Classification Committee that conducted Plaintiff's administrative segregation review on November 23, 2004, informed him that he

---

[3] Plaintiff was also found guilty of Code Violations 12-1 (Failure to obey verbal and/OR written orders of staff); 05-3 (Assault any willful attempt OR threat(s) to inflict injury upon the person of another); and 04-1 (Battery use of physical force on the person(s) of another).

had to serve one year at Class IV status due to the fact that he was found guilty of a 17-1 felony assault with a weapon (see docket entry #46 & attached exhibits).

ADC Administrative Directive 91:09 (dated February 13, 1991), identifies certain major disciplinary convictions that make an inmate convicted of those infractions ineligible for reclassification of good time class for one year following his last disciplinary conviction. These convictions include a felonious assault. This policy, however, gives the unit warden discretion to recommend that an inmate be considered for reclassification sooner than one year. A Classification Committee is nevertheless not bound by this recommendation. Defendants contend that one year with no class promotion is the statewide ADC policy when an inmate assaults another inmate with a weapon. Defendants Bradberry and Walker were only two of five voting members of the November 23, 2004, Classification Committee. On January 26, 2005, the Classification Committee reviewed Plaintiff's administrative segregation status again. Defendants Bradberry and Walker were again only two of five voting members on this Committee. The Committee unanimously voted for Plaintiff to "remain" on administrative segregation status. The Classification Committee next reviewed Plaintiff's administrative segregation status on March 29, 2005. Defendants Bradberry and Walker were again only two of five voting members on this Committee and the Committee once again unanimously voted for Plaintiff to "remain."

Plaintiff alleges that he was denied class promotion for one year in retaliation for a lawsuit he filed against Defendant Moncrief. At his deposition, Plaintiff alleged that the charge of assault with a weapon was not added against him until after he filed the lawsuit against Defendant Moncrief. However, the evidence demonstrates that Plaintiff's major disciplinary was filed on August 19, 2004, the disciplinary states that confidential witnesses

5

revealed Plaintiff had assaulted inmate Preston with a weapon. Plaintiff did not file his lawsuit against Defendant Moncrief until December 27, 2004 (5:04CV00451), some four months after the disciplinary and one month after the Classification Committee's November review of his administrative segregation status. Although Defendant Harris as the unit warden may recommend that any inmate be considered for reclassification sooner than one year, in this case he did not. Had he done so, the Committee would nevertheless have been free to disregard it.

Plaintiff contends (see docket entries #49, #50) that he and inmate Preston merely had a fight and no stabbing took place. He further contends that if inmate Preston lost his eye, it was at the hands of the security officers who restrained him. Plaintiff challenges whether any confidential informants turned him in for the alleged stabbing because he has never seen a statement of same and Defendants have provided none. He has further seen no proof of the screwdriver used, and no documentation of any type of investigation by the state police or internal affairs. It is Plaintiff's belief that Defendants have manufactured these allegations to cover up their own officers' misconduct. Plaintiff additionally contends that he was never found guilty of stabbing inmate Preston in the eye and that every disciplinary that has an assault and battery charge automatically carries with it a "17-1" charge to notify the state police to investigate. Last, Plaintiff contends that in a separate lawsuit he filed arising out of the same facts as this case (this one for excessive force), the defendants' counsel, in her brief in support of her motion for judgment on the pleadings, stated that the use of force was necessary to end the fight, and that nobody received injuries as a result. According to Plaintiff, this clearly shows that he did not stab inmate Preston.

To begin with, the case Plaintiff refers to is Proby v. Moncrief (5:04CV00451) and he grossly mis-characterizes counsel's statement. Under the argument "Defendants Did Not Use Excessive Force Against The Plaintiff," the statement reads: "The use of force was necessary under the circumstances to end the fight and fortunately, the inmates did not suffer any injuries as a result" (see Case No. 5:04CV00451, docket entry #32). Clearly, counsel meant that the inmates did not suffer any injuries as a result of the use of force by the officers, and nothing else. Nothing in that statement indicates that Plaintiff did not stab inmate Preston in the eye as he would have this Court believe. That case was dismissed with prejudice on January 6, 2006, based on Plaintiff's failure to state a claim (see Case No. 5:04CV00451, docket entry #53). Moreover, inmate Preston's short-lived[4] lawsuit against Plaintiff also alleges that Plaintiff stabbed him in the eye with a cross-tipped screwdriver, which ultimately resulted in the loss of sight in the affected eye (see Case No. 5:05CV00003, docket entry #2). This Court finds that complaint, together with Defendants' recitation of the facts and evidence supporting the motion for summary judgment to be substantially unrefuted. That is, Plaintiff here has not created a substantial issue of material fact.

**A.    Retaliation**

This circuit has for years recognized an inmate's claim for retaliatory discipline pursuant to § 1983 where a prison official files disciplinary charges in retaliation for the inmate's exercise of his constitutional rights. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Plaintiff's claim of retaliation will fail, however, if the alleged disciplinary

---

[4] Short-lived because Preston filed a motion to voluntarily dismiss without prejudice to refiling based on his expected release from the ADC and his desire to obtain legal representation in pursuit of same (see Case No. 5:05CV00003, docket entry #4).

violation was issued for the actual violation of the prison rule. Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994); see also Cowans v. Warren, 150 F.3d 910, 911 (8th Cir. 1998) (a retaliation claim is precluded if the disciplinary punishment was imposed based on a finding that the inmate actually violated a prison regulation). Thus, Plaintiff's claim fails if Defendants can successfully demonstrate "some evidence" that Plaintiff actually committed the relevant rule violations. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir. 1996). This "some evidence" rule allows the federal courts to defer to the judgment of prison officials in maintaining discipline in their institutions while meeting constitutional requirements. Hill, 472 U.S. at 455-56. The limited review by federal courts does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Id. at 455. Even the fact that an inmate may be innocent of the charges does not raise a due process issue; all that is constitutionally required is "due process, not error-free decision-making." Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994). Furthermore, a witnessing officer's violation report, standing alone, constitutes "some evidence." Hill, 472 U.S. at 456; Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam); Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (per curiam). Prison officials thus can rely on conduct violation reports to find inmates guilty of disciplinary infractions. Rudd, 866 F.2d at 262.

This action arises out of a major disciplinary Plaintiff received on August 18, 2004, for assaulting another inmate with a screwdriver. Plaintiff was found guilty of all charges, including felonious assault, on August 24, 2004. The Court finds that there was "some evidence" to support the charges. Plaintiff, however, contends that after serving the punishment levied by the Disciplinary Committee, the Classification Committee

(Defendants) retaliated against him by imposing an additional and separate punishment in the form of denying him a class promotion for one full year for which he claims he was immediately eligible under ADC policies and Board of Corrections guidelines. Plaintiff claims Defendants' retaliation was in response to his filing a separate § 1983 lawsuit against Defendant Moncrief for excessive force. The evidence simply does not support Plaintiff's contentions. First, the five-member Classification Committee that conducted Plaintiff's administrative segregation review on November 23, 2004, informed him that he had to serve one year at Class IV status due to the fact that he was found guilty of a 17-1 felony assault with a weapon. Plaintiff did not file his lawsuit against Defendant Moncrief until December 27, 2004 (5:04CV00451), one month after the Classification Committee's notice that he would have to serve one year at Class IV status; thus, his retaliation claim fails. Moreover, no additional and separate punishment was imposed for retaliatory purposes. Contrary to Plaintiff's assertions, he was not immediately eligible under ADC policies and Board of Corrections guidelines for a class promotion following his disciplinary. ADC Administrative Directive 91:09 establishes eligibility for class promotion, reclassification and/or restoration of lost good time. To be eligible for reclassification and/or to appear before the Classification Committee, Plaintiff was required to have a clean institutional record <u>for a minimum</u> of sixty-days following his release from punitive in connection with his August 18, 2004, major disciplinary action, and, <u>at a maximum</u>, for one year from the date of the felonious assault <u>unless</u> the Warden recommends to the Classification Committee that he be considered for promotion and/or reclassification (<u>see</u> docket entry #46, Exh. B). However, even if the Warden recommends early promotion and/or reclassification, the Classification Committee is not bound by this recommendation.

Plaintiff assaulted another inmate with a weapon that resulted in serious bodily harm.  The Classification Committee, pursuant to internal ADC policy, was well within its discretion to deny Plaintiff class promotion for the maximum period of time permitted under that policy.  Whether Plaintiff was theoretically eligible for Warden-recommended class promotion on November 23, 2004, is irrelevant.  Last, the internal ADC policy plainly does not violate Plaintiff's constitutional rights— the denial of promotion and/or reclassification for one year based on Plaintiff's felonious assault of another inmate simply does not amount to an "atypical and significant hardship" in relation to the ordinary incidents of prison life.  See Sandin v. Conner, 515 U.S. 472 (1995).[5]  For these reasons, Plaintiff's retaliation and due process claims should be dismissed with prejudice.

**B.     Double Jeopardy**

Plaintiff also argues that the punishment imposed by the Classification Committee for the major disciplinary he received combined with the denial of good time class promotion for one year based on an ADC Administrative Directive violates the Double Jeopardy Clause in that he was punished twice for the same offense.  The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. CONST. amend. V.  This clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, or multiple punishments for the same offense.  North Carolina v. Pearce, 395 U.S. 711, 717 (1969).  Although the receipt of a

---

[5] Under Sandin, a liberty interest is implicated and thus triggers due process protections, when an inmate is restrained in such a way that it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and represents "a dramatic departure from the basic conditions" of the inmate's confinement.  Id. at 484-85.

disciplinary ordinarily can result in administrative segregation, loss of good time credits, and/or a class level reduction, it simply is not "punishment" for purposes of the Double Jeopardy Clause. Nor is the loss of certain privileges in connection with the same offense. See Matter of Caranchini, 160 F.3d 420, 423 (8th Cir. 1998) (citing Mississippi State Bar v. Young, 509 So.2d 210, 214 n. 1 (Miss.1987)) ("Most states which have addressed the matter have held that disciplinary proceedings are not so criminal in nature as to evoke double jeopardy protections"); Kerns v. Parratt, 672 F.2d 690, 691 (8th Cir. 1982) (per curiam) ("Administrative proceedings based upon violation of prison disciplinary rules did not place defendant 'in jeopardy' for purposes of double jeopardy clause"). Thus, Plaintiff's claim of double jeopardy also fails.

### IV. Conclusion

In accordance with the above, IT IS THEREFORE ORDERED that:

1.  Defendants' motion for summary judgment (docket entry #44) is GRANTED and Plaintiff's case is DISMISSED IN ITS ENTIRETY WITH PREJUDICE.

2.  All pending motions are DENIED AS MOOT.

3.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order and the judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 7th day of March, 2007.

_____
UNITED STATES MAGISTRATE JUDGE